

Magistrate Judge Theresa L. Fricke

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>  v.<br><br>DYLAN REX,<br><br>  Defendant. | CASE NO. MJ23-5108<br><br>COMPLAINT for VIOLATION<br><br>18 U.S.C. § 2252(a)(4)(B), (b)(2) |

BEFORE, Theresa L. Fricke, United States Magistrate Judge, U. S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

### (Possession of Child Pornography)

Beginning on a date unknown but continuing until on or about March 29, 2023, in Clark County, within the Western District of Washington, and elsewhere, the Defendant, DYLAN REX, did knowingly possess matter that contained visual depictions the production of which involved the use of minors engaging in sexually explicit conduct, and the visual depictions were of such conduct, that had been mailed and shipped and

Complaint - 1
*United States v. Dylan Rex*
USAO#2023R00344

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

transported in and affecting interstate and foreign commerce by any means, including by computer, and which had been produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the images of child pornography involved include images of a prepubescent minor and a minor who had not attained 12 years of age.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

And the complainant states that this Complaint is based on the following information:

I, Special Agent Julianna Dippold, being first duly sworn on oath, depose and say:

## **INTRODUCTION**

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since January 2018. I am currently assigned to the Seattle Division's Vancouver Resident Agency. Since joining the FBI, I have been trained in interview and interrogation techniques, investigative techniques, legal concepts and evidence collection and preservation. In my duties as a special agent, I have been involved in investigations of public corruption, fraud, conspiracy, computer intrusion and crimes against children. I have participated in the execution of search warrants involving child pornography, fraud, drug or computer related offenses, and the search of digital devices. I have conducted investigations into violations relating to child exploitation and child pornography, including violations pertaining to the illegal receipt and possession of child pornography, and material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2252 and 2252A.

2. I am familiar with and have participated in a variety of investigative techniques including but not limited to surveillance, interviewing of witnesses/suspects, and the execution of search and seizure warrants that involved child exploitation and/or

Complaint - 2
*United States v. Dylan Rex*
USAO#2023R00344

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

child pornography offenses, and the search and seizure of computers and other digital devices.

3. The information contained in this affidavit was obtained from the investigation conducted by your affiant in addition to information provided to your affiant by other local and federal law enforcement agents. Because this affidavit is made for the limited purpose of establishing probable cause for the arrest warrant, your affiant has not recited each and every fact known to your affiant as a result of this investigation.

## SUMMARY OF PROBABLE CAUSE

4. The following description is informed by conversations I had with FBI Special Agent Mark Wilson, particularly as those facts relate to a description of the Boston, Massachusetts FBI investigation.

5. In or about February 2022, FBI Special Agents from the Boston Division met with detectives from the Wellesley (Mass.) Police Department ("WPD") and Needham (Mass.) Police Department ("NPD") regarding an ongoing computer intrusion and child pornography investigation.

6. Beginning in approximately November 2020, NPD received a report from two minor females that they were victims of an online harassment and hacking campaign. NPD interviewed the minors, whose identities are known to law enforcement but to whom I refer to as "Minor Victim 1" and "Minor Victim 2" to protect their privacy. Both Minor Victim 1 and Minor Victim 2 attended high school in Massachusetts.

7. On or about November 12, 2020, an NPD officer responded to a call for assistance from Minor Victim 2 regarding ongoing harassment that began in July 2020 and intensified over the summer. The harassment centered around the use of nude images of Minor Victim 1 and Minor Victim 2 to harass the victims. These images were originally located in the private Snapchat communications of Minor Victim 1 and Minor Victim 2. Minor Victim 2 further reported that she believed that an unknown individual had gained unlawful access to Minor Victim 1's Snapchat account to obtain these images through a

Complaint - 3
United States v. Dylan Rex
USAO#2023R00344

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Snapchat fishing scheme.[1] An unknown individual posed as an employee of Snapchat in order to persuade Minor Victim 1 to provide him access to her Snapchat account. Once access was gained, the individual locked Minor Victim 1 out of her account and accessed nude images stored in that account.

8. Minor Victim 1 and Minor Victim 2 reported to the NPD and WPD that, after the hack into Minor Victim 1's Snapchat account, images located in a private Snapchat conversation between Minor Victim 1 and Minor Victim 2 as well as images from Minor Victim 1's *My Eyes Only* section were used to harass Minor Victim 1 and Minor Victim 2. Images from these two sections of Snapchat contained nude and partially nude photos of Minor Victim 1 and Minor Victim 2. After Minor Victim 1 lost access to her account, Minor Victim 2 was notified that screenshots were taken of the sensitive images.[2] In an interview with NPD, both Minor Victim 1 and Minor Victim 2 described how they were contacted by numerous "fake" Instagram and Snapchat accounts via direct messaging.[3] These "fake" Instagram and Snapchat accounts possessed and posted the sensitive photos obtained from Minor Victim 1's Snapchat account and used these images to harass the victims further.

9. Minor Victim 2 also told NPD a fake OnlyFans[4] account was created in Minor Victim 1's name. In an interview with law enforcement, Minor Victim 1 said she

---

[1] The NPD and WPD investigation identified several co-conspirators involved in this harassment campaign. This Affidavit focuses on the investigation into DYLAN REX for his involvement in compromising Minor Victim 1's and other victims' Snapchat accounts.

[2] Snapchat sends a notification to users if Snapchat messages are screenshotted. For example, if Snapchat Account 1 sends a Snapchat message to Snapchat Account 2, and Snapchat Account 2 screenshots the message, Snapchat Account 1 receives a notification of the screenshot.

[3] Direct messaging is a private mode of communication between social media users that is not publicly visible on the platform.

[4] OnlyFans is an internet content service where content creators can earn money from users subscribing to the content they post. Users can only see the posted content if they pay to view the content. Among other things, content users can post illicit images.

Complaint - 4
United States v. Dylan Rex
USAO#2023R00344

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

felt shame, guilt, threatened, and traumatized from this event. Minor Victim 2 was extremely upset and nervous the images would be sent to her friends and family.

10. During their investigation, WPD and NPD identified DYLAN REX as the individual who targeted and gained unauthorized access to Minor Victim 1's Snapchat accounts. The individual targeting Minor Victim 1 used numerous online services to accomplish his scheme, including but not limited to TextNow, Yahoo, TDS Telecom, Google, and COPP. Law enforcement identified REX as this individual primarily via IP addresses connected with his mother's TDS Telecom Internet Service Provider account and his Galaxy S9 Plus Android telephone.

11. The investigation also identified that REX had advertised Snapchat hacking services online in which he offered to hack into Snapchat accounts for others. It appears that the goal of gaining unauthorized access to the accounts was to obtain sensitive data and/or images from the victims, and to possibly provide this data/images to other co-conspirators for either payments, trades of images, image gathering, or personal satisfaction.

12. Pursuant to the above facts and subsequent investigation, on March 28, 2023, United States Magistrate Judge David W. Christel authorized a search warrant for both DYLAN REX and his residence at 37105 NE 86th Place, La Center, Washington ("Target Premises"). *See* MJ23-5106. Law enforcement executed the search warrant on March 29, 2023.

13. At the Target Premises in La Center, Clark County, Washington, law enforcement found multiple digital devices that they believed based on their investigation contained illicit images, potentially of minors. In particular, law enforcement found at least six cellular telephones, one laptop, one gaming tower, and six thumb drives they reasonably connected to REX. The thumb drives were located in numerous places in his bedroom, including in a locked box with a key.

Complaint - 5
United States v. Dylan Rex
USAO#2023R00344

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. Based on the authority given to them in the search warrant, law enforcement viewed a series of images they found on a Sandisk Cruzer 256GB located at the Target Premises ("Subject Images"). I know from the investigation that the Sandisk Cruzer was made outside of the United States in Malaysa.

15. Your affiant viewed the Subject Images. They depict a female minor who I estimate to be between 13 and 14 years of age based on facial characteristics, overall body size, lack of hip development and some breast development. The Subject Images also depict a minor male, who based on facial characteristics, overall body size, lack of muscular development and pubic development, I estimate to be between eight and nine years of age.

16. One of the Subject Images depicts the female and male minors sitting on blankets on what appears to be a bed. The female is fully nude, while the male is nude from the waist down. The female is holding the male's penis in her right hand. The male is holding the female's right wrist with his right hand and is holding up his shirt with his left hand.

17. Another of the Subject Images depicts the minors standing on a bed. The female is nude with her breasts and vagina visible to the camera. The male is clothed with his arms wrapped around the female's waist; he has the female's left breast in his mouth.

18. Another of the Subject Images depicts both minors nude and standing on a bed. It appears that the male has the female's left breast in his mouth.

19. Another of the Subject Images depicts the minors standing on a bed. The female is nude, and the male is nude at the waist. It appears that the female's right hand is on the male's penis, and he has his mouth on her breast.

20. Law enforcement previewed three video files depicting child pornography located on a Micro SD card, in a folder titled MEGA.

21. One video ("Subject Video") is a two minute and six second video that begins with a female minor whom, based on a lack of breast, pubic or hip development, and overall

Complaint - 6
United States v. Dylan Rex
USAO#2023R00344

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  body size, I estimate to be between seven and ten years of age, laying nude, except for
2  socks, on a bed.

3      22.    The minor is blindfolded and has her hands bound by a yellow cord above
4  her head. The camera view changes multiple times, indicating that someone is hand
5  recording the video. At the beginning of the video the minor is laying on her back and a
6  dog is licking the minor's vagina. At approximately 10 seconds, the camera moves to focus
7  on the minor's vagina. At about 32 seconds the camera angle changes to also show the
8  minor's legs and feet. Her feet are also bound by a yellow cord, forcing her legs to be
9  spread apart. Shortly after the change in camera angle, someone rubs what appears to be a
10 stick of butter on the minor's vagina, inciting the dog to continue licking that area. At
11 around 53 seconds, the video transitions to the minor's face and it becomes apparent that a
12 pubescent penis is being forced into her mouth. The remainder of the video transitions back
13 and forth between focus on the dog licking the minor's vagina and the penis in the minor's
14 mouth.

15     23.    The device on which the Subject Video was found is a 32 GB MicroSD
16 ScanDisk Extreme. The SD card displays the words "Made in China." I believe based on
17 this statement and open-source research that the device was made outside of the United
18 States.

19     24.    REX knowingly possessed the Subject Images and the Subject Video. Agents
20 interviewed REX on March 29, 2023. REX admitted to possessing at least 100 videos of
21 child pornography on multiple devices. REX admitted that the pornography he knowingly
22 possessed displayed minors under the age of four up to the age of eighteen. REX admitted
23 that many of these videos displayed minors engaging in sexual acts, including vaginal,
24 anal, and oral penetration.

25     25.    REX admitted to downloading images of child pornography from the
26 Internet. In particular, REX used websites such as Luxre and COPP to find images of
27

Complaint - 7
*United States v. Dylan Rex*
USAO#2023R00344

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

pornography. REX contacted the individual advertising the images so he could obtain access to them.

26.  For example, REX recently obtained a video of a woman touching a minor child, whom REX believed to be approximately seven years old. REX obtained access to the video on Snapchat and paid the woman $150 to download it. REX described the video as displaying a sexual act, in particular, the adult woman touching the labia of the minor child.

## CONCLUSION

27.  Based on the information above, your affiant submits that there is probable cause to believe that DYLAN REX violated the following federal offenses: Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) to wit Possession of Child Pornography.

JULIANNA DIPPOLD, Complainant
Special Agent, Federal Bureau of Investigation

Based on the Complaint and Affidavit sworn to before me, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this 29th day of March, 2023.

THERESA L. FRICKE
United States Magistrate Judge

Complaint - 8
*United States v. Dylan Rex*
USAO#2023R00344

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970