```
┌─────────────────────────────────┐
│ ____ FILED ____ LODGED          │
│ _____ RECEIVED               │
│        AUG 2 6 2025             │
│      CLERK U.S. DISTRICT COURT   │
│ WESTERN DISTRICT OF WASHINGTON AT TACOMA │
│ BY                     DEPUTY    │
└─────────────────────────────────┘
```

The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DYLAN REX,

Defendant.

NO. CR23-5229 RJB

**PLEA AGREEMENT**

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorney Elyne Vaught of the Western District of Washington and Dylan Rex and Rex's attorney Rebecca Fish enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11.

1.     **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in a Superseding Information.

2.     **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Superseding Information.

Plea Agreement - 1
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1          a.      Wire Fraud, as charged in Counts 1-7, in violation of Title 18,

2    United States Code, Section 1343.

3          b.      Computer Fraud, as charged in Counts 8-14, in violation of Title 18,

4    United States Code, Sections 1030(a)(2) and (c)(2)(B)(i) and (ii).

5          c.      Possession of Child Pornography, as charged in Count 15, in

6    violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

7          d.      Attempted Enticement of a Minor, as charged in Count 16, in

8    violation of Title 18, United States Code, Sections 2422(b) and 2427.

9          By entering these pleas of guilty, Defendant hereby waives all objections to the

10   form of the charging document. Defendant further understands that before entering any

11   guilty plea, Defendant will be placed under oath. Any statement given by Defendant

12   under oath may be used by the United States in a prosecution for perjury or false

13   statement.

14         3.      **Elements of the Offenses.** The elements of the offenses to which

15   Defendant is pleading guilty are as follows:

16         a.      The elements of **Wire Fraud**, as charged in Counts 1-7, are as

17   follows:

18                 *First*, the defendant knowingly participated in or devised a scheme

19                 or plan to defraud for the purpose of obtaining money or property by means

20                 of false or fraudulent pretenses, representations, or promises;

21                 *Second*, the statements made as part of the scheme were material;

22                 that is, they had a natural tendency to influence, or were capable of

23                 influencing, a person to part with money or property;

24                 *Third*, the defendant acted with the intent to defraud, that is, the

25                 intent to deceive and cheat; and

26

27

*Fourth*, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

b.      The elements of **Computer Fraud**, as charged in Counts 8-14, are as follows:

*First*, the defendant intentionally accessed a computer without authorization;

*Second*, by accessing a computer without authorization, the defendant obtained information from a computer that was used in or affecting interstate or foreign commerce or communication; and

*Third*, the offense was committed in furtherance of a criminal and tortious act in violation of the Constitution and the laws of the United States.

c.      The elements of **Possession of Child Pornography**, as charged in Count 15, are as follows:

*First*, the defendant knowingly possessed matter that the defendant knew contained a visual depiction of a minor engaged in sexually explicit conduct;

*Second*, the defendant knew the visual depiction was of a minor engaged in sexually explicit conduct;

*Third*, the defendant knew that the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; and

*Fourth*, the visual depiction was transported in interstate or foreign commerce or produced using material that was transported in interstate or foreign commerce, by computer or other means.

"Sexually explicit conduct," as defined in Title 18, United States Code, Section 2256(2), means actual or simulated – (A) sexual intercourse,

Plea Agreement - 3
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  including genital-genital, oral-genital, anal-genital, or oral-anal, whether

2  between persons of the same or opposite sex; (B) bestiality; (C)

3  masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition

4  of the genitals or pubic area of any person.

5      d.    The elements of **Attempted Enticement of a Minor**, as charged in

6  Count 16, are as follows:

7          *First*, the defendant used a means or facility of interstate or foreign

8  commerce intending to entice, coerce, persuade, or induce a person to

9  engage in sexual activity for which a person may be charged with a

10  criminal offense;

11          *Second*, the defendant believed this person was under the age of 18

12  years; and

13          *Third*, the defendant did something that was a substantial step

14  toward the commission of this offense that was strongly corroborative of

15  the defendant's intent to commit this offense.

16      4.    **The Penalties.** Defendant understands that the statutory penalties

17  applicable to the offenses to which Defendant is pleading guilty are as follows:

18      a.    For the offense of **Wire Fraud**, as charged in Counts 1-7: a

19  maximum term of imprisonment of up to 20 years, a fine of up to $250,000.00, a

20  period of supervision following release from prison of up to three years, and a

21  mandatory special assessment of $100.00.

22      b.    For the offense of **Computer Fraud**, as charged in Counts 8-14: a

23  maximum term of imprisonment of five years; a fine of up to $250,000.00, a

24  period of supervision following release from prison of up to three years, and a

25  mandatory special assessment of $100.00.

26      c.    For the offense of **Possession of Child Pornography**, as charged in

27  Count 15: a maximum term of imprisonment of up to 20 years, a fine of up to

Plea Agreement - 4
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

$250,000.00, a period of supervision following release from prison of not less than five years and up to life, and a mandatory special assessment of $100.00. There is also a special assessment of $5,000.00 unless Defendant is indigent, up to a $17,000.00 child pornography trafficking assessment, and a minimum of $3,000.00 in restitution for each victim of Defendant's offense.

Defendant further understands that, to invoke the statutory sentence for this offense, the United States must prove beyond a reasonable doubt that it involved a visual depiction of a prepubescent minor or a minor who had not attained 12 years of age. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that the offense involved a visual depiction of a prepubescent minor or a minor who had not attained 12 years of age.

d.      For the offense of **Attempted Enticement of a Minor**, as charged in Count 16:  a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life, a fine of up to $250,000.00, a period of supervision following release from prison of not less than five years and up to life, a mandatory special assessment of $100.00, and a special assessment of $5,000.00 unless Defendant is indigent.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 5
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5.      **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

6.      **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.      The right to plead not guilty and to persist in a plea of not guilty;

Plea Agreement - 6
*United States v. Dylan Rex,* CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    b.    The right to a speedy and public trial before a jury of Defendant's
2    peers;

3    c.    The right to the effective assistance of counsel at trial, including, if
4    Defendant could not afford an attorney, the right to have the Court appoint one for
5    Defendant;

6    d.    The right to be presumed innocent until guilt has been established
7    beyond a reasonable doubt at trial;

8    e.    The right to confront and cross-examine witnesses against Defendant
9    at trial;

10    f.    The right to compel or subpoena witnesses to appear on Defendant's
11    behalf at trial;

12    g.    The right to testify or to remain silent at trial, at which trial such
13    silence could not be used against Defendant; and

14    h.    The right to appeal a finding of guilt or any pretrial rulings.

15    7.    **United States Sentencing Guidelines.** Defendant understands and
16    acknowledges that the Court must consider the sentencing range calculated under the
17    United States Sentencing Guidelines and possible departures under the Sentencing
18    Guidelines together with the other factors set forth in Title 18, United States Code,
19    Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the
20    history and characteristics of Defendant; (3) the need for the sentence to reflect the
21    seriousness of the offenses, to promote respect for the law, and to provide just
22    punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to
23    criminal conduct; (5) the need for the sentence to protect the public from further crimes
24    of Defendant; (6) the need to provide Defendant with educational and vocational training,
25    medical care, or other correctional treatment in the most effective manner; (7) the kinds
26    of sentences available; (8) the need to provide restitution to victims; and (9) the need to
27

Plea Agreement - 7
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  avoid unwarranted sentence disparity among defendants involved in similar conduct who

2  have similar records. Accordingly, Defendant understands and acknowledges that:

3         a.     The Court will determine Defendant's Sentencing Guidelines range

4  at the time of sentencing;

5         b.     After consideration of the Sentencing Guidelines and the factors in

6  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

7  maximum term authorized by law;

8         c.     The Court is not bound by any recommendation regarding the

9  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

10  range offered by the parties or the United States Probation Department, or by any

11  stipulations or agreements between the parties in this Plea Agreement; and

12         d.     Defendant may not withdraw a guilty plea solely because of the

13  sentence imposed by the Court.

14      8.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or

15  guaranteed what sentence the Court will impose.

16      9.    **Statement of Facts.** Defendant admits Defendant is guilty of the charged

17  offenses. The parties agree on the following facts:

18                                ***Counts 1 through 14***

19         a.     Beginning at a time unknown, but not earlier than July 2020, and

20  continuing until in or about March 2023, DYLAN REX knowingly devised a scheme and

21  plan to defraud Victim 1, Victim 3, Victim 4, Victim 5, Victim 6, Victim 7, and Victim 8

22  (hereinafter "victims") of photographs and videos that were intimate and personal in

23  nature by falsely representing himself to be a member of the Snapchat Support team to

24  unlawfully gain access into their Snapchat accounts.

25         b.     In carrying out this scheme to defraud, REX utilized TextNow, an

26  internet service provider of voice over internet protocol telephone numbers, to create

27

Plea Agreement - 8
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  false phone numbers that he used to communicate with the victims. TextNow's servers

2  are located outside the State of Washington.

3      c.    REX created a TextNow account with the username

4  "snapchatservices01@yahoo.com," which was assigned telephone numbers (424) 354-

5  4451 and (310) 307-2608, to communicate with the victims. REX chose this username

6  intending to deceive the victims into believing he was employed by Snapchat and worked

7  as a member of their Support Team.

8      d.    As part of the scheme, REX, while impersonating a member of the

9  Snapchat Support Team, sent text messages to each victim falsely stating that Snapchat

10  had detected suspicious login activity on their account and that he needed their six-digit

11  pin to secure the account.

12      e.    Meanwhile, at the same time REX sent the text message to the

13  victim, REX would initiate a password reset using the victims's Snapchat username,

14  which triggered Snapchat to send a six-digit pin to the victim.

15      f.    Once REX received the six-digit pin from the victim, he would use it

16  to gain access to the victim's account, thereby kicking the victim out of their account.

17  REX would then steal photographs and/or videos of the victim, some of which were

18  intimate and very personal in nature.

19      g.    REX used this scheme to obtain photographs and videos from

20  approximately 170 different Snapchat accounts. Snapchat servers are located outside the

21  State of Washington. REX used the devices described in paragraph 14(c) to facilitate his

22  commission of this scheme.

23      h.    On July 12, 2020, while in Clark County, Washington, REX

24  impersonated a member of the Snapchat Support Team when he sent a text message to

25  Victim 6, who was residing in Massachusetts, falsely claiming that Snapchat detected

26  suspicious login activity on Victim 6's account and that he needed Victim 6's six-digit

27  pin to secure the account. REX utilized TextNow to send the text message to Victim 6. At

Plea Agreement - 9
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  nearly the same time REX sent the Snapchat Support Team message to Victim 6, he used

2  Victim 6's Snapchat username to initiate a password reset which caused Victim 6 to

3  receive a six-digit pin from Snapchat. Victim 6 provided the pin to REX. After REX

4  received the six-digit pin from Victim 6, he proceeded to login to the account, thereby

5  logging Victim 6 out of their Snapchat account. This allowed REX to look through

6  Victim 6's account for photographs and images of Victim 6 that he could obtain, view,

7  and trade on the internet with other individuals who in turn would use them to either

8  harass or extort Victim 6.

9          i.      On July 25, 2020, while in Clark County, Washington, REX

10  impersonated a member of the Snapchat Support Team when he sent a text message to

11  Victim 3, who was residing in Massachusetts, falsely claiming that Snapchat detected

12  suspicious login activity on Victim 3's account and that he needed Victim 3's six-digit

13  pin to secure the account. REX utilized TextNow to send the text message to Victim 3. At

14  nearly the same time REX sent the Snapchat Support Team message to Victim 3, he used

15  Victim 3's Snapchat username to initiate a password reset which caused Victim 3 to

16  receive a six-digit pin from Snapchat. Victim 3 provided the pin to REX. After REX

17  received the six-digit pin from Victim 3, he proceeded to login to the account, thereby

18  logging Victim 3 out of their Snapchat account. This allowed REX to look through

19  Victim 3's account for photographs and images of Victim 3 that he could obtain, view,

20  and trade on the internet with other individuals who in turn would use them to either

21  harass or extort Victim 3.

22          j.      On August 15, 2020, while in Clark County, Washington, REX

23  impersonated a member of the Snapchat Support Team when he sent a text message to

24  Victim 8, who was residing in Texas, falsely claiming that Snapchat detected suspicious

25  login activity on Victim 8's account and that he needed Victim 8's six-digit pin to secure

26  the account. REX utilized TextNow to send the text message to Victim 8. At nearly the

27  same time REX sent the Snapchat Support Team message to Victim 8, he used Victim 8's

Plea Agreement - 10
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  Snapchat username to initiate a password reset which caused Victim 8 to receive a six-

2  digit pin from Snapchat. Victim 8 provided the pin to REX. After REX received the six-

3  digit pin from Victim 8, he proceeded to login to the account, thereby logging Victim 8

4  out of their Snapchat account. This allowed REX to look through Victim 8's account for

5  photographs and images of Victim 8 that he could obtain, view, and trade on the internet

6  with other individuals who in turn would use them to either harass or extort Victim 8.

7          k.      On August 16, 2020, while in Clark County, Washington, REX

8  impersonated a member of the Snapchat Support Team when he sent a text message to

9  Victim 1, who was residing in Massachusetts, falsely claiming that Snapchat detected

10  suspicious login activity on Victim 1's account and that he needed Victim 1's six-digit

11  pin to secure the account. REX utilized TextNow to send the text message to Victim 1. At

12  nearly the same time REX sent the Snapchat Support Team message to Victim 1, he used

13  Victim 1's Snapchat username to initiate a password reset which caused Victim 1 to

14  receive a six-digit pin from Snapchat. Victim 1 provided the pin to REX. After REX

15  received the six-digit pin from Victim 1, he proceeded to login to the account, thereby

16  logging Victim 1 out of their Snapchat account. This allowed REX to look through

17  Victim 1's account for photographs and images of Victim 1 that he could obtain, view,

18  and trade on the internet with other individuals who in turn would use them to either

19  harass or extort Victim 1.

20          l.       On August 18, 2020, while in Clark County, Washington, REX

21  impersonated a member of the Snapchat Support Team when he sent a text message to

22  Victim 4, who was residing in Massachusetts, falsely claiming that Snapchat detected

23  suspicious login activity on Victim 4's account and that he needed Victim 4's six-digit

24  pin to secure the account. REX utilized TextNow to send the text message to Victim 4. At

25  nearly the same time REX sent the Snapchat Support Team message to Victim 4, he used

26  Victim 4's Snapchat username to initiate a password reset which caused Victim 4 to

27  receive a six-digit pin from Snapchat. Victim 4 provided the pin to REX. After REX

Plea Agreement - 11
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  received the six-digit pin from Victim 4, he proceeded to login to the account, thereby

2  logging Victim 4 out of their Snapchat account. This allowed REX to look through

3  Victim 4's account for photographs and images of Victim 4 that he could obtain, view,

4  and trade on the internet with other individuals who in turn would use them to either

5  harass or extort Victim 4.

6         m.      On August 18, 2020, while in Clark County, Washington, REX

7  impersonated a member of the Snapchat Support Team when he sent a text message to

8  Victim 5, who was residing in Massachusetts, falsely claiming that Snapchat detected

9  suspicious login activity on Victim 5's account and that he needed Victim 5's six-digit

10 pin to secure the account. REX utilized TextNow to send the text message to Victim 5. At

11 nearly the same time REX sent the Snapchat Support Team message to Victim 5, he used

12 Victim 5's Snapchat username to initiate a password reset which caused Victim 5 to

13 receive a six-digit pin from Snapchat. Victim 5 provided the pin to REX. After REX

14 received the six-digit pin from Victim 5, he proceeded to login to the account, thereby

15 logging Victim 5 out of their Snapchat account. This allowed REX to look through

16 Victim 5's account for photographs and images of Victim 5 that he could obtain, view,

17 and trade on the internet with other individuals who in turn would use them to either

18 harass or extort Victim 5.

19         n.      On August 29, 2020, while in Clark County, Washington, REX

20 impersonated a member of the Snapchat Support Team when he sent a text message to

21 Victim 7, who was residing in Massachusetts, falsely claiming that Snapchat detected

22 suspicious login activity on Victim 7's account and that he needed Victim 7's six-digit

23 pin to secure the account. REX utilized TextNow to send the text message to Victim 7. At

24 nearly the same time REX sent the Snapchat Support Team message to Victim 7, he used

25 Victim 7's Snapchat username to initiate a password reset which caused Victim 7 to

26 receive a six-digit pin from Snapchat. Victim 7 provided the pin to REX. After REX

27 received the six-digit pin from Victim 7, he proceeded to login to the account, thereby

Plea Agreement - 12
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  logging Victim 7 out of their Snapchat account. This allowed REX to look through

2  Victim 7's account for photographs and images of Victim 7 that he could obtain, view,

3  and trade on the internet with other individuals who in turn would use them to either

4  harass or extort Victim 7.

5          o.      Through the acts described in subparagraphs 9(a) through (n), above,

6  REX, with intent to defraud, knowingly participated in a scheme to defraud by means of

7  materially false representations and omissions, and used an interstate wire transmission to

8  carry out an essential element of the scheme.

9                          ***Counts 15 through 16***

10         p.      On March 29, 2023, law enforcement seized digital devices from

11  REX's person and his home in Clark County, Washington. Law enforcement searched the

12  digital devices, including a Samsung Galaxy S9+ (SM-G965U) (item number 1B14) and

13  discovered child sexual abuse material (CSAM) (as defined in Title 18, United States

14  Code, Section 2256(2)). REX agrees that he knowingly possessed over 600 images of

15  CSAM (approximately 350 image files and 1,000 video files) on eight devices, including

16  material that involved a minor under the age of 12 and a toddler or infant. REX used the

17  digital devices listed in paragraph 14(d) to commit or to facilitate the commission of this

18  offense.

19         q.      Upon a further search of the Samsung Galaxy S9+ (item number

20  1B14), agents discovered that REX was engaged in the distribution of CSAM material.

21  REX sent approximately 20 images and/or videos of CSAM to other users between

22  December 24, 2021, and March 29, 2023, on the social media platforms Kik and

23  Snapchat.

24         r.      At all relevant times, REX was aware of the content of these visual

25  depictions, and each visual depiction was produced using materials that had been shipped

26  in interstate or foreign commerce.

27

Plea Agreement - 13
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

s.    The search of REX's Samsung Galaxy S9+ also showed REX accessed an internet messaging application and communicated with the mother of a child under age 10 (Minor 1, "M1"). REX repeatedly offered to pay M1's mother to sexually abuse M1, film the abuse, and send him the imagery. For example, REX wrote that he would like to see M1 and M1's mother engage in mutual oral-genital sexual intercourse. REX sent at least $150 to M1's mother; she then provided REX with videos of herself sexually exploiting M1. Had M1's mother created the imagery of M1 engaged in the sexually explicit conduct at REX's request, that would have constituted a violation of Section 2251(a) of Title 18 of the United States Code.

t.    REX expressly agrees that in communicating with M1's mother, he intended to induce, entice, or coerce M1 to engage in sexual activity for which any person may be charged with a criminal offense—to include, the production of child pornography as defined in Section 2256(8) of Title 18 of the United States Code. REX further agrees that his communications and offers of monetary compensation to obtain these images of M1 constitute a substantial step toward the commission of the offense charged in Count 16 of the Superseding Information, and strongly corroborated his intent to commit that crime.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.    Counts 1-14 (the "Fraud Group") are one Group pursuant to U.S.S.G. §3D1.2(d). Count 15 (the "CSAM Group") constitutes a separate Group because that offense is not closely related to the offenses in the Fraud Group. Count 16

Plea Agreement - 14
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

(the "Enticement Group") is specifically excluded from the operation of §3D1.2 and thus constitutes a separate group.

b.      Counts 8-14 supply the highest offense level of the Fraud Group, i.e., a base offense level of 6, pursuant to U.S.S.G. §2B1.1(a)(2). There is also a two-level increase because the offense involved 170 victims, pursuant to U.S.S.G. §2B1.1(a)(2)(A)(i), and another two-level increase because the offense involved an intent to obtain personal information, pursuant to U.S.S.G. §2B1.1(b)(18). Thus, the offense level applicable to the Fraud Group is 10.

c.      Count 15 is the sole count of the CSAM Group. The base offense level is 18, pursuant to U.S.S.G. §2G2.2(a)(1). There is a two-level increase because the material involved a prepubescent minor or a minor who had not attained the age of 12 years old, pursuant to U.S.S.G. §2G2.2(b)(2); a two-level increase because the offense involved distribution, pursuant to U.S.S.G. §2G2.2(b)(3)(F); a four-level increase because the offense involved material that portrays sexual abuse or exploitation of an infant or toddler, pursuant to U.S.S.G. §2G2.2(b)(4); a two-level increase because the offense involved the use of a computer, pursuant to U.S.S.G. §2G2.2(b)(6); and a five-level increase because there were over 600 images, pursuant to U.S.S.G. §2G2.2(b)(7)(D). Thus, the total offense level applicable to the CSAM Group is 33.

d.      Count 16 is the sole count of the Enticement Group. The base offense level is 30, pursuant to U.S.S.G. §2A3.1(a)(2). There is a four-level increase because the victim was under the age of 12 years old, pursuant to U.S.S.G. §2A3.1(b)(2)(A) and a two-level increase because the offense involved the use of a computer or an interactive computer service, pursuant to U.S.S.G. §2A3.1(b)(6)(B). Thus, the total offense level applicable to the Enticement Group is 36.

e.      The Enticement Group has the highest offense level and counts as one Unit. U.S.S.G. §3D1.4(a). Because the CSAM Group is between 1 to 4 levels less serious, it counts as one additional Unit. The Fraud Group is more than 9 levels less

Plea Agreement - 15
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  serious than the Enticement Group and is thus disregarded for purposes of determining

2  the combined offense level. §3D1.4(c). With two Units, an additional two levels are

3  added to the offense level for the Enticement Group, resulting in a combined offense

4  level of 38.

5  The parties agree they are free to present arguments regarding the applicability of

6  all other provisions of the United States Sentencing Guidelines. Defendant understands,

7  however, that at the time of sentencing, the Court is free to reject these stipulated

8  adjustments, and is further free to apply additional downward or upward adjustments in

9  determining Defendant's Sentencing Guidelines range.

10  11.  **Acceptance of Responsibility.** At sentencing, if the Court concludes

11  Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant

12  to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will

13  make the motion necessary to permit the Court to decrease the total offense level by three

14  levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United

15  States by timely notifying the United States of Defendant's intention to plead guilty,

16  thereby permitting the United States to avoid preparing for trial and permitting the Court

17  to allocate its resources efficiently.

18  12.  **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of

19  Criminal Procedure 11(c)(1)(C), the parties jointly agree to recommend a custodial

20  sentence of 10 years. The parties will also jointly recommend that the Defendant's term

21  of supervised release include a term requiring the Defendant to participate in a sexual

22  deviancy evaluation conducted by a sexual deviancy treatment provider, and follow

23  recommended treatment, as directed and approved by the U.S. Probation Officer. The

24  treatment provider shall be trained and experienced in the treatment of sexual deviancy,

25  and follow the guideline practices established by the Association for the Treatment of

26  Sexual Abusers (ATSA). Defendant understands that this recommendation is not binding

27  on the Court and the Court may reject the recommendation of the parties and may impose

Plea Agreement - 16
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   any term of imprisonment up to the statutory maximum penalty authorized by law.
2   Defendant further understands that Defendant cannot withdraw a guilty plea simply
3   because of the sentence imposed by the Court. Except as otherwise provided in this Plea
4   Agreement, the parties are free to present arguments regarding any other aspect of
5   sentencing.

6        13.    **Restitution.** Defendant agrees that the Court can order Defendant to pay
7   restitution to the victims of Defendant's crimes and, in exchange for the agreements by
8   the United States contained in this Plea Agreement, Defendant agrees that restitution in
9   this case should not be limited to the offenses of conviction. Defendant is aware that the
10  United States will present evidence supporting an order of restitution for all losses caused
11  by all of Defendant's criminal conduct known to the United States at the time of
12  Defendant's guilty pleas to include those losses resulting from crimes not charged or
13  admitted by Defendant in the Statement of Facts. In exchange for the promises by the
14  United States contained in this Plea Agreement, Defendant agrees that Defendant will be
15  responsible for any order by the District Court requiring the payment of restitution for
16  such losses.

17       a.    The full amount of restitution shall be due and payable immediately
18  on entry of judgment and shall be paid as quickly as possible. If the Court finds that the
19  defendant is unable to make immediate restitution in full and sets a payment schedule as
20  contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule
21  represents a minimum payment obligation and does not preclude the U.S. Attorney's
22  Office from pursuing any other means by which to satisfy Defendant's full and
23  immediately-enforceable financial obligation, including, but not limited to, by pursuing
24  assets that come to light only after the district court finds that Defendant is unable to
25  make immediate restitution.

26       b.    Defendant agrees to disclose all assets in which Defendant has any
27  interest or over which Defendant exercises control, directly or indirectly, including those

Plea Agreement - 17
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the

2  United States' investigation identifying all property in which Defendant has an interest

3  and with the United States' lawful efforts to enforce prompt payment of the financial

4  obligations to be imposed in connection with this prosecution. Defendant's cooperation

5  obligations are: (1) before sentencing, and no more than 30 days after executing this Plea

6  Agreement, truthfully and completely executing a Financial Disclosure Statement

7  provided by the United States Attorney's Office and signed under penalty of perjury

8  regarding Defendant's and Defendant's spouse's financial circumstances and producing

9  supporting documentation, including tax returns, as requested; (2) providing updates with

10  any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven

11  days of the event giving rise to the changed circumstances; (3) authorizing the United

12  States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

13  providing waivers, consents or releases requested by the U.S. Attorney's Office to access

14  records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

15  inspect and copy all financial documents and information held by the U.S. Probation

16  Office; (6) submitting to an interview regarding Defendant's Financial Statement and

17  supporting documents before sentencing (if requested by the United States Attorney's

18  Office), and fully and truthfully answering questions during such interview; and (7)

19  notifying the United States Attorney's Office before transferring any interest in property

20  owned directly or indirectly by Defendant, including any interest held or owned in any

21  other name, including all forms of business entities and trusts.

22          c.      The parties acknowledge that voluntary payment of restitution prior

23  to the adjudication of guilt is a factor the Court considers in determining whether

24  Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

25      14.     **Forfeiture of Assets.** Defendant understands that the forfeiture of property

26  is part of the sentence that must be imposed in this case.

27

Plea Agreement - 18
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

a.      Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, that constitutes or is derived from proceeds traceable to his commission of Wire Fraud, as charged in Counts 1 through 7. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c).

b.      Defendant also agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, that constitutes or is derived from proceeds Defendant obtained directly or indirectly as a result of his commission of Computer Fraud, as charged in Counts 8 through 14. This property is subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i)(1)(B).

c.      Defendant also agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all personal property that was used or intended to be used to commit or to facilitate commission of the offense of Computer Fraud, as charged in Counts 8 through 14. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 1030(i)(1)(A), and includes, but is not limited to, the following property seized on or about March 29, 2023, from Defendant's person and his home in Clark County, Washington:

      i.      Samsung Galaxy S23 Ultra (item number 1B6);

      ii.      HP Laptop Envy 17 (item number 1B9);

      iii.      Samsung Cell in Otterbox, IMEI 35408411600566 (item number 1B13);

      iv.      Samsung Galaxy S9+ (SM-G965U) (item number 1B14);

      v.      Three USBs (two Spring 18 MHTWHEELS.TV USBs and one Samsung Micro SD) (item number 1B20);

      vi.      MHTWHEELS.TV USB Spring 18 (item number 1B21);

      vii.      SanDisk Ultra 3.0 512GB (item number 1B27); and

Plea Agreement - 19
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1          viii.    SanDisk Cruzer 256 GB SN: BQ200726968W (item number 1B28).

2      d.    Defendant also agrees to forfeit to the United States immediately

3  Defendant's right, title, and interest in any and all property, real or personal, used to

4  commit or to facilitate the commission of Possession of Child Pornography, as charged in

5  Count 15, as well as any proceeds of the offense, and any data files consisting of or

6  containing visual depictions within the meaning of Title 18, United States Code, Section

7  2253(a). All such property is forfeitable pursuant to Title 18, United States Code, Section

8  2253(a), and includes, but is not limited to, the following property seized on or about

9  March 29, 2023, from Defendant's person and his home in Clark County, Washington:

10          i.      Samsung Galaxy S23 Ultra (item number 1B6);

11          ii.     HP Laptop Envy 17 (item number 1B9);

12          iii.    Samsung Cell in Otterbox, IMEI 35408411600566 (item number

13                  1B13);

14          iv.     Samsung Galaxy S9+ (SM-G965U) (item number 1B14);

15          v.      Three USBs (two Spring 18 MHTWEELS.TV USBs and one

16                  Samsung Micro SD) (item number 1B20);

17          vi.     MHTWHEELS.TV USB Spring 18 (item number 1B21);

18          vii.    SanDisk Ultra 3.0 512GB (item number 1B27); and

19          viii.   SanDisk Cruzer 256 GB SN: BQ200726968W (item number 1B28).

20      e.    Defendant also agrees to forfeit to the United States immediately

21  Defendant's right, title, and interest in any and all property, real or personal, that

22  constitutes or is derived from proceeds that Defendant obtained from his commission of

23  the offense of Attempted Enticement of a Minor, as charged in Count 16. All such

24  property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by

25  way of Title 28, United States Code, Section 2461(c), and pursuant to Title 18, United

26  States Code, Section 2428(a)(2).

27

1      f.      Defendant also agrees to forfeit to the United States immediately

2    Defendant's right, title, and interest in any and all property, real or personal, that was

3    used or intended to be used to commit or to facilitate the commission of the offense of

4    Attempted Enticement of a Minor, as charged in Count 16. All such property is

5    forfeitable pursuant to Title 18, United States Code, Section 2428(a)(1), and includes but

6    is not limited to, the following property seized on or about March 29, 2023, from

7    Defendant's person and his home in Clark County, Washington:

8              i.      Samsung Galaxy S9+ (SM-G965U) (item number 1B14).

9      g.      Defendant agrees to fully assist the United States in the forfeiture of this

10   property and to take whatever steps are necessary to pass clear title to the United States,

11   including but not limited to: surrendering title and executing any documents necessary to

12   effect forfeiture; assisting in bringing any property located outside the United States

13   within the jurisdiction of the United States; and taking whatever steps are necessary to

14   ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or

15   otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to this

16   property in any federal forfeiture proceeding, administrative or judicial, that may be or

17   has been initiated, or to otherwise contest any federal forfeiture proceeding that may be

18   or has been initiated. Defendant also agrees he will not assist anyone else who may file a

19   claim to this property in any federal forfeiture proceeding.

20         The United States reserves its right to proceed against any remaining property not

21   identified in this Plea Agreement, including any property, real or personal, in which

22   Defendant has any interest or control, if that property was proceeds that Defendant

23   obtained from his commission of Wire Fraud (Counts 1 through 7), Computer Fraud

24   (Count 8 through 14), Possession of Child Pornography (Count 15), or Attempted

25   Enticement of a Minor (Count 16); was personal property that facilitated Defendant's

26   commission of Computer Fraud (Counts 8-14); or was any property, real or personal, that

27

Plea Agreement - 21
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  facilitated Defendant's Possession of Child Pornography (Count 15), or Attempted

2  Enticement of a Minor (Count 16).

3       15.    **Abandonment of Non-Contraband Data Files and Other Property.**

4  Defendant abandons any interest he may have in any non-contraband data files contained

5  on all of the devices identified in paragraph 14, and he consents to the federal

6  administrative disposition of these data files, including their destruction.

7       16.    **Registration as a Sex Offender**. Defendant stipulates and agrees that

8  based on the Sex Offender Registration and Notification Act, Title 42, United States

9  Code, Section 16911 et seq., he is entering a plea of guilty to a sex offense and is a sex

10  offender as those terms are defined in the Act. Defendant further agrees that pursuant to

11  the Act, he is required to register as a sex offender, and keep the registration current, in

12  each jurisdiction where Defendant resides, is an employee, and is a student. Defendant

13  further agrees that for initial registration purposes only, Defendant is required also to

14  register in the jurisdiction in which Defendant is convicted if such jurisdiction is different

15  from the jurisdiction of residence.

16       17.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,

17  the United States Attorney's Offices for the Western District of Washington and the

18  District of Massachusetts agree not to prosecute Defendant for any additional offenses

19  known to it as of the time of this Plea Agreement based upon evidence in their possession

20  at this time, and that arise out of the conduct giving rise to this investigation. In this

21  regard, Defendant recognizes the United States Attorney's Office for the Western District

22  of Washington has agreed not to prosecute all of the criminal charges the evidence

23  establishes were committed by Defendant solely because of the promises made by

24  Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of

25  preparing the Presentence Report, the United States Attorney's Office will provide the

26  United States Probation Office with evidence of all conduct committed by Defendant.

27

Plea Agreement - 22
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1       Defendant agrees that any charges to be dismissed before or at the time of

2  sentencing were substantially justified in light of the evidence available to the United

3  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

4  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

5  (1997).

6       **18.   Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if

7  Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

8  Plea Agreement and Defendant may be prosecuted for all offenses for which the United

9  States has evidence; (b) Defendant will not oppose any steps taken by the United States

10  to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

11  Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges

12  that previously were dismissed or any additional charges that had not been prosecuted.

13       Defendant further understands that if, after the date of this Plea Agreement,

14  Defendant should engage in illegal conduct, or conduct that violates any conditions of

15  release or the conditions of confinement (examples of which include, but are not limited

16  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

17  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

18  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

19  to file additional charges against Defendant and/or to seek a sentence that takes such

20  conduct into consideration by requesting the Court to apply additional adjustments or

21  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

22  advisory Guidelines range, and/or by seeking an upward departure or variance from the

23  calculated advisory Guidelines range. Under these circumstances, the United States is

24  free to seek such adjustments, enhancements, departures, and/or variances even if

25  otherwise precluded by the terms of the Plea Agreement.

26       **19.   Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant

27  acknowledges that, by entering the guilty pleas required by this Plea Agreement,

Plea Agreement - 23
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   Defendant waives all rights to appeal from Defendant's conviction, and any pretrial

2   rulings of the Court, and any rulings of the Court made prior to entry of the judgment of

3   conviction. This includes, without limitation, any constitutional challenge to the

4   Defendant's conviction. Defendant further agrees that, provided the Court imposes a

5   custodial sentence that is within or below the Sentencing Guidelines range (or the

6   statutory mandatory minimum, if greater than the Guidelines range) as determined by the

7   Court at the time of sentencing, Defendant waives to the full extent of the law any right

8   conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal,

9   the sentence imposed by the Court, including any fine, restitution order, probation or

10   supervised release conditions, or forfeiture order (if applicable). This includes, without

11   limitation, any challenge to any aspect of the sentence and sentencing proceeding,

12   including any statutory or constitutional challenge to how the sentence was imposed.

13       Defendant also agrees that, by entering the guilty pleas required by this Plea

14   Agreement, Defendant waives any right to bring a collateral attack against the conviction

15   and sentence, including any restitution order imposed, except as it may relate to the

16   effectiveness of legal representation or a claim of prosecutorial misconduct based on facts

17   unknown or not reasonably discoverable prior to entry of the judgment of conviction.

18       Defendant acknowledges that certain claims, including certain claims for

19   prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea,

20   independently from this Plea Agreement. This waiver does not preclude Defendant from

21   bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of

22   Defendant's confinement or the decisions of the Bureau of Prisons regarding the

23   execution of Defendant's sentence.

24       If Defendant breaches this Plea Agreement at any time by appealing or collaterally

25   attacking (except as to claims not subject to the waiver, above) the conviction or sentence

26   in any way, the United States may prosecute Defendant for any counts, including those

27

Plea Agreement - 24
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  with mandatory minimum sentences, that were dismissed or not charged pursuant to this

2  Plea Agreement.

3      20.    **Voluntariness of Plea.** Defendant agrees that Defendant has entered into

4  this Plea Agreement freely and voluntarily, and that no threats or promises were made to

5  induce Defendant to enter a plea of guilty other than the promises contained in this Plea

6  Agreement or set forth on the record at the change of plea hearing in this matter.

7      21.    **Statute of Limitations.** In the event this Plea Agreement is not accepted by

8  the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement,

9  or Defendant withdraws from this Plea Agreement after it has been accepted by the

10 Court, the statute of limitations shall be deemed to have been tolled from the date of the

11 Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea

12 Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea

13 Agreement by Defendant is discovered by the United States Attorney's Office; or (3) 30

14 days following the grant of a motion to withdraw from the Plea Agreement.

15 //

16 //

17 //

18

19

20

21

22

23

24

25

26

27

Plea Agreement - 25
*United States v. Dylan Rex*, CR23-5229 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    22.    **Completeness of Plea Agreement.** The United States and Defendant

2  acknowledge that these terms constitute the entire Plea Agreement between the parties,

3  except as may be set forth on the record at the change of plea hearing in this matter. This

4  Plea Agreement binds only the United States Attorney's Office for the Western District

5  of Washington and the United States Attorney's Office for the District of Massachusetts.

6  It does not bind any other United States Attorney's Office or any other office or agency

7  of the United States, or any state or local prosecutor.

8    Dated this 26th day of August, 2025.

9

10    DYLAN REX
        Defendant

12

13    REBECCA C. FISH
        Attorney for Defendant

15

16    MARCI L. ELLSWORTH
        Assistant United States Attorney

18

19    ELYNE M. VAUGHT
        Assistant United States Attorney

Plea Agreement - 26
*United States v. Dylan Rex*, CR23-5229 RJB